# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES BRADY SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13 C 3490 |
| | ) |
| PATRICK PEREZ, COUNTY OF, | ) |
| KANE, COREY HUNGER, | ) |
| DR. KUL SOOD, M.D., MAURA | ) |
| SWEDLER, R.N., and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff James Smith, a former detainee at Kane County Adult Justice Center (the Jail), has sued a number of entities and individuals associated with the Jail pursuant to 42 U.S.C. § 1983, alleging they were deliberately indifferent to his serious medical condition—namely, pain in his feet—in violation of his Fourteenth Amendment rights. The judge to whom the case was previously assigned dismissed Sheriff Patrick Perez, Kane County, and Commander of Corrections Corey Hunger as defendants. The remaining defendants, Dr. Kul Sood, Nurse Maura Swedler, and Wexford Health Sources, Inc., have moved for summary judgment on all of Smith's claims. For the reasons stated below, the Court grants summary judgment in favor of Swedler and Wexford but denies Dr. Sood's request for summary judgment.

## Background

Smith contends that Swedler, Dr. Sood, and Wexford, as part of a pattern of treatment toward detainees, were deliberately indifferent to his serious medical need by depriving him of adequate medical devices and objectively necessary medical treatment. Smith contends that the defendants violated his Fourteenth Amendment rights by disregarding or dismissing his symptoms and requests for medical attention, despite being aware that blisters on his feet were not healing and were causing him excruciating pain while walking. He further contends that defendants' refusal to provide him Smith orthopedic shoes or deliver his pain medication to his cell caused him to fall, which increased and prolonged his pain.

Because defendants have moved for summary judgment, the Court views the facts in the light most favorable to Smith. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On February 12, 2012, Smith entered the Jail as a pre-trial detainee. During Smith's pre-trial detention, he made several requests for medical treatment. Dr. Sood saw Smith as a patient three times over the course of his detention. Smith alleges that on at least one occasion he directly informed Dr. Sood that he needed orthopedic shoes to alleviate severe pain in his feet. Smith testified during his deposition that Dr. Sood examined his feet and had him sign a medical release. Smith says Dr. Sood told him he would see what he could do about getting Smith orthopedic shoes pending a review of Smith's medical records. Smith says, however, that Dr. Sood never followed up with him regarding his medical records or his need for orthopedic shoes. As the days went on, Smith alleges, he experienced increasingly excruciating pain in his feet, making

2

walking difficult. Dr. Sood maintains that Smith did not suffer from an orthopedic condition but that if he did, Dr. Sood was not aware of it.

Smith was prescribed pain medication for a variety of other ailments. Smith says that on March 3, 2012, the pain in his feet was so excruciating that he could not bear walking down the stairs to retrieve his medication from the main floor. He asked the nurse who administered the detainees' medication to bring his pain medication to his cell. The nurse—Defendant Swedler—did not bring him the medication, purportedly due to security policies that do not allow her to leave the medication cart. Smith remained in his cell and did not receive his medication that day. On March 4, 2012, the same thing happened with the same nurse. On March 6, 2012, Smith says, he fell down the stairs while attempting to retrieve his medication from a different nurse—Nurse Sumulong. According to Smith, the pressure he placed on his foot while walking down the stairs caused him to buckle and fall backwards. This fall caused him additional pain in his back and hand. He also claims the impact from the fall broke his dentures.

## Discussion

Defendants have moved for summary judgment on all of Smith's claims. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

1. **Dr. Sood**

The Supreme Court has held that "deliberate indifference to serious medical

3

needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although the Eighth Amendment applies only to convicted persons, a pretrial detainee like Smith is entitled to the same basic protections under the due process clause of the Fourteenth Amendment. *See, e.g., Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). The Seventh Circuit applies the same legal standard to deliberate indifference claims whether they are brought under the Eighth or Fourteenth Amendment, citing to cases arising under either interchangeably. *King v. Kramer*, 680 F.3d 1013, 1017-18 (7th Cir. 2012).

A prison official can be held liable for deliberate indifference if "he knows of but disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard contains both objective and subjective elements. First, the inmate's medical need must be "objectively, sufficiently serious." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (internal quotation marks and citation omitted). The subjective element requires the prison official to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* at 1368; *Farmer*, 511 U.S. at 837. An official's awareness of a risk is "a question of fact provable in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842.

Pain alone can be a sufficiently serious medical condition for purposes of a deliberate indifference claim. Jail officials may not ignore a condition simply because it does not produce objective symptoms. *See Cooper v. Casey*, 97 F.3d 914, 916-17 (7th Cir. 1996). Indeed, pain is a "textbook example of a uniquely subjective experience,"

4

sometimes constituting the only symptom of a serious medical condition. *Id.* at 917. The refusal to treat minor aches does not violate the Constitution, but whether pain is sufficiently severe to give rise to a deliberate indifference claim is an issue best decided by a jury. *Id.* Smith contends that he had excruciating pain in his feet. Because a jury reasonably could believe his account, Dr. Sood is not entitled to summary judgment based on the claimed insufficiency of Smith's medical condition.

With regard to the question of Dr. Sood's knowledge of Smith's condition, there is likewise a genuine dispute of fact. Smith testified during his deposition that he informed Dr. Sood of his foot pain and his need for orthopedic shoes. Smith says Dr. Sood had him sign a medical release to verify his medical condition and former prescription for orthopedic shoes. He says Dr. Sood told him he could not provide him orthopedic shoes immediately, but that he would make an effort to see what he could do. Despite this, Smith says, nothing was actually done to provide him with appropriate shoes. Though Dr. Sood denies knowledge of any medical condition that required treatment of this sort, the Court is required to accept Smith's testimony as true for present purposes. That testimony, if believed, would permit a reasonable jury to find in Smith's favor on the question of deliberate indifference. This precludes entry of summary judgment in favor of Dr. Sood.

**2. Nurse Swedler**

Smith alleges that defendant Swedler's refusal to deliver his medication to his cell on March 3 and 4 caused him to fall down the stairs on March 6. In section 1983 cases, "a plaintiff must demonstrate both that he has suffered an actual present injury and that there is a causal connection between that injury and the deprivation of a constitutionally

5

protected right caused by a defendant." *Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999). The Court assumes for purposes of discussion that Smith fell and that he was injured (both propositions are contested by defendants). Even if so, however, no reasonable jury could find a causal connection between Swedler's actions and Smith's injury.

Smith testified during his deposition that Swedler refused to deliver pain medication to his cell on March 3 and 4 and that this caused him to miss his dosages on those days. *See* Defs.' LR 56.1 Stat., Ex. E (Smith Dep.) at 109-13. Smith offers no evidence from which a reasonable jury could find that he missed his medication or even that he had any interaction with Swedler on March 5; when asked whether he got his medication on that date, he did not recall. *See id.* at 114-16. When asked what cause him to fall on March 6, Smith pointed to "the tenderness in [his] foot," not action or inaction by Swedler. *Id.* at 120. More to the point, Smith offers no evidence, medical or otherwise, that links Swedler's alleged failure to provide his medication two or three days earlier to the fall. When asked why he sued Swedler, Smith said, "Because if she would have brought me my medication to me, I probably wouldn't have had to come out and get it." *Id.* at 133. Though this suggests a possible link between a nurse's action or inaction on March 6 and Smith's injury, Smith conceded that Swedler was not the nurse on duty on March 6. *See id.* at 133.

In short, the causal chain offered by Smith involves too many gaps that are not bridged by evidence, as opposed to speculation. Based on the record before the Court, no reasonable jury could find that Swedler's failure to bring Smith his medication on March 3-4 caused him to fall on March 6. Swedler is entitled to summary judgment.

6

### 3. Wexford

The Seventh Circuit has held that there is no respondeat superior liability under section 1983 for a private corporation. *See, e.g., Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002). To sustain his claim against Wexford, Smith must prove by a preponderance of the evidence that the deprivation of his constitutional rights was the result of a policy or custom of Wexford. *See id.*

In his complaint, Smith alleges that Wexford trains and directs its medical providers who work in prisons and jails to ignore the needs of inmates and detainees and disregard their obvious ailments. In responding to Wexford's motion for summary judgment, however, Smith offers no evidence from which a reasonable jury could find the existence of such a practice. In fact, Smith has abandoned his section 1983 claim against Wexford in his response to defendants' summary judgment motion, in which he says that Wexford is named as a defendant only for indemnification purposes. Smith cites no authority, however, supporting an indemnification claim against Wexford. The Court concludes that Wexford is entitled to entry of summary judgment.

### Conclusion

For the foregoing reasons, the Court grants defendants' motion for summary judgment in part and denies it in part [dkt. no. 94]. Summary judgment is entered in favor of defendants Maura Swedler and Wexford Health Sources, Inc. Defendants' motion is denied with regard to plaintiff's claim against Dr. Sood. The case is set for a status hearing on October 8, 2015 at 9:30 a.m. for the purpose of setting a trial date and

discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 2, 2015